# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**JOSEPH HUSSELL and A.H.,**

    **Petitioners/Plaintiffs,**

**v.**                                           **Case No. 2:19-cv-00101**

**JACKSON COUNTY PROSECUTING ATTORNEY, et al.,**

## ORDER

Pending before the court are the following motions filed by the petitioner/plaintiff, Joseph Hussell ("Hussell"): (1) Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1); (2) Motion for Appointment of Counsel (ECF No. 6); (3) Motion for Jury Trial (ECF No. 8); and (4) Emergency Motion Ex Parte for Protection Under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (ECF No. 9). The undersigned will address each motion in turn.

    **A.**    **Application to Proceed Without Prepayment of Fees and Costs.**

Upon review of his Application to Proceed Without Prepayment of Fees and Costs ("Application") (ECF No. 1), the undersigned finds that Hussell lacks sufficient funds to pay the applicable filing fee. Accordingly, it is hereby **ORDERED** that his Application (ECF No. 1) is **GRANTED**. Based upon the findings made in the accompanying Proposed Findings and Recommendation, it is hereby **ORDERED** that the Clerk shall issue a summons for defendant Robert Boggs and shall deliver the same to the United States Marshals Service. It is hereby **ORDERED** that the United States Marshals Service shall attempt to personally serve the summons and a copy of the Complaint on the defendant

pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(d). It is further **ORDERED** that the period for service provided in Rule 4(m) of the Federal Rules of Civil Procedure shall run from the date of this Order.

### B. Motion for Appointment of Counsel.

As discussed in the accompanying Proposed Findings and Recommendation, there is no valid basis for habeas corpus relief in this matter. Nonetheless, the court has also construed the fourth amended petition filed herein as a civil rights complaint. The appointment of counsel to represent pro se litigants in civil actions is governed by 28 U.S.C. § 1915(e)(1), which states, in pertinent part: "[t]he court may request an attorney to represent any person unable to afford counsel."

It is clear that Hussell has no constitutional right to counsel in this civil action, and appointment of counsel rests within the discretion of the court. A denial of a request for appointment of counsel constitutes an abuse of the court's discretion only if the case presents "exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)).

To determine whether exceptional circumstances exist, the court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action. *Id.* at 163. The United States Court of Appeals for the Fourth Circuit has held, "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1173 (4th Cir. 1978).

Based upon the documents filed by Hussell herein, the undersigned **FINDS** that there are presently no exceptional circumstances that would warrant the court seeking

counsel to represent the plaintiff. Accordingly, his Motion for Appointment of Counsel (ECF No. 6) is **DENIED**.

### C. Motion for Jury Trial.

On March 5, 2019, Hussell filed a Reservation of Right and Motion for Jury Trial (ECF No. 8). There is no right to a jury trial in a habeas corpus proceeding. However, to the extent that the court has also construed Hussell's petition as a civil rights complaint under 42 U.S.C. § 1983, there is a right to a jury trial in such proceedings. Nonetheless, the undersigned **FINDS** that, at this stage of the proceedings, Hussell's motion is premature. Accordingly, it is hereby **ORDERED** that the Motion for Jury Trial (ECF No. 8) is **DENIED WITHOUT PREJUDICE**. However, the court will treat Hussell's filing as a jury demand.

### D. Motion for Protection under International Convention.

On May 14, 2019, Hussell filed an Emergency Motion Ex Parte for Protection Under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (ECF No. 9). In this motion, Hussell asserts that he was threatened by an Officer Mellinger, who is not a defendant herein, who allegedly stated that "waterboarding was going to be the least of his worries" if he did not drop this case, because "he had friends and family at the Courthouse that this affected." (*Id*. at 2). Thus, Hussell contends that his safety, life and liberty are in jeopardy and, thus, he seeks protection under the United Nations' Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. ("UNCAT"). (*Id*.)

As explained in the accompanying Proposed Findings and Recommendation, the UNCAT does not provide any private right of action or basis for civil relief. *See Johnson v. Hodgson*, No. CV 12–10913–MLW, 2015 WL 5609960, at *6 (D. Mass. Sept. 22, 2015);

*Sepulveda v. UMass Corr. Health, Care*, 160 F. Supp. 3d 371, 388–89 (D. Mass. 2016); *see also Renkel v. United States*, 456 F.3d 640, 644 (6th Cir. 2006); *Horstkotte v. N.H. Dep't of Corr., Comm'r*, No. CIV. 08–CV–61–JL, 2008 WL 2401565, at *7 (D.N.H. June 10, 2008). Thus, there is no valid basis thereunder for the instant motion. Therefore, Hussell's Emergency Motion Ex Parte for Protection Under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (ECF No. 9) is **DENIED**.

The Clerk is directed to mail a copy of this Order to the *pro se* petitioner/plaintiff, Joseph Hussell. Hussell is hereby **NOTIFIED** that, pursuant to Local Rule 83.5 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia, he must promptly notify the Clerk of Court and any opposing party of any changes in his contact information, including his transfer or release from his present correctional facility. The failure to comply with this requirement will result in the recommended dismissal of this matter for failure to prosecute.

ENTER: February 14, 2020

Dwane L. Tinsley
United States Magistrate Judge