UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

JOSEPH HUSSELL and A.H.,

Petitioners/Plaintiffs,

v. Civil Action No. 2:19-cv-00101

JACKSON COUNTY PROSECUTING ATTORNEY,STATE OF WEST VIRGINIA BY STATE ATTORNEY GENERAL,CHILD PROTECTIVE SERVICES, WEST VIRGINIA GOVERNOR,JACKSON COUNTY CIRCUIT COURT JUDGE LORA DYER, and BUTCH AND BETSY HILL,

Respondents/Defendants.

MEMORANDUM OPINION AND ORDER

This action was previously referred to United States Magistrate Judge Dwane L. Tinsley for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On February 14, 2020, the magistrate judge entered his PF&R recommending that the court:

1) Dismiss plaintiff Joseph Hussell's Petition for a Writ of Habeas Corpus under Rule 12(h)(3) of the Federal Rules of Civil Procedure, for lack of jurisdiction;

2) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B), dismiss all claims against defendants (a) the West Virginia Department of Health and Human Resources, Bureau of Children and Families, Child Protective Services ("WVDHHR-CPS"); (b) Melvin ("Butch") and Betsy Hill; (c) the West Virginia Governor's Office and Governor Jim Justice in his official capacity; (d) the Jackson County Prosecutor's Office, Katie Franklin, Prosecutor, in her official capacity, and Jim Griesacker; (e) Jackson County Circuit Court Judge Lora Dyer, in her official capacity; (f) the West Virginia Attorney General's Office and Attorney General Patrick Morrisey in his official capacity; and (g) the West Virginia State Police ("WVSP"); and

3) Dismiss all claims against defendant West Virginia State Trooper Robert Boggs ("Trooper Boggs"), except for Hussell's claims under the Fourth and Fourteenth Amendments of the United States Constitution.

See ECF No. 16 at 26. Plaintiff filed timely objections to the PF&R on February 19, 2020. See ECF No. 19. Defendants have neither objected nor responded to the plaintiff's objections. On June 11, 2020, Trooper Boggs also filed a motion for summary judgment, still pending before Magistrate Judge Tinsley.

## I. Governing Law

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)). Thus, the court limits its review of Hussell's 57-page response to the PF&R to only those portions containing discernable objections.

## II. Objections

### A. Petition for Writ of Habeas Corpus[1]

First, Hussell proposes that the court has jurisdiction to consider his request for habeas corpus relief under 8 U.S.C. § 2241. In support of this proposition, Hussell quotes the Universal Declaration of Human Rights and other sources unrelated to the magistrate judge's findings. As found by the magistrate judge, although Hussell appears to have been

[1] The magistrate judge construed Hussell's petition document as a hybrid petition for a writ of habeas corpus under 28 U.S.C. § 2241 and a complaint under 42 U.S.C. § 1983. ECF No. 16 at 2.

in custody when he filed his initial petition, his request for habeas relief is moot inasmuch as he is not presently in custody. See ECF No. 16 at 7-8; 28 U.S.C. § 2241(c)(3). Indeed, the magistrate judge was unable to determine if Hussell was ever criminally prosecuted, and if he was prosecuted, Hussell has not demonstrated that he exhausted available state court remedies. Id. at 8. The magistrate judge further concluded that "if Hussell is seeking habeas corpus relief to return his daughter, A.H., to his custody, that request also fails because a writ of habeas corpus under either 28 U.S.C. §§ 2241 or 2254 is not available in child custody matters." Id. Nothing in Hussell's response shows that he is entitled to habeas corpus relief. Accordingly, this objection lacks merit.

B. Eleventh Amendment

Next, Hussell asserts that the Eleventh Amendment does not bar his claims against the State of West Virginia, its agencies, and its officers because "the freedom from torture is guaranteed under international law" and a "peremptory norm of international law or jus cogens." See ECF No. 19 at 3-4. Hussell also asserts that "[t]he 11th amendment makes no mention concerning citizens suing their own state." Id. at 6. Hussell's contentions ignore the magistrate judge's well-supported finding that "the Eleventh Amendment bars suits by

private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity." See ECF No. 16 at 13 (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–99, 101 (1984)). The magistrate judge also found that Hussell does not raise any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity. Id. (citing Pennhurst, 465 U.S. at 99). Accordingly, the PF&R properly found that Hussell's claims against the State of West Virginia, and its Governor and Attorney General in their official capacities, as well as the WVSP and WVDHHR-CPS, as agencies of the State of West Virginia, are barred by the Eleventh Amendment.[2]

C. Mandamus Relief

Third, Hussell objects to the magistrate judge's finding that this federal court cannot grant mandamus relief against state officials. See ECF No. 19 at 8. Hussell argues that this court no longer has jurisdiction to dismiss the mandamus inasmuch as he filed a writ of mandamus with the United

[2] Hussell separately cites "the power of equitable courts to provide redress for illegal state action in the absence of a common law remedy" to support his position that the State of West Virginia should be liable as a party here. ECF No. 19 at 10-11. Inasmuch as the State of West Virginia is entitled to immunity under the Eleventh Amendment, this objection offers no basis for relief.

States Court of Appeals for the Fourth Circuit, which was pending at the time he filed his objections. On March 13, 2020, however, the Fourth Circuit denied Hussell's petitions for a writ of mandamus as moot because the magistrate judge had already entered a PF&R regarding Hussell's petition for habeas corpus. See ECF No. 24. Therefore, Hussell's objection as to the requested mandamus relief has no merit.

D. Butch and Betsy Hill

Regarding Butch and Betsy Hill, A.H.'s maternal grandparents, Hussell asserts that they are "parties of interest" in this suit "because they are in the physical custody of AH and were given the authority of such custody by the State" during the course of the abuse and neglect proceedings. See ECF No. 19 at 8; ECF No. 16 at 12. Nothing in this objection shows that Butch and Betsy Hill are state actors suable under § 1983. Therefore, the court agrees with the PF&R's recommendation to dismiss these parties. See ECF No. 16 at 12.

E. International Covenants

With respect to the "State Defendants," Hussell also provides several pages of excerpts from UN General Assembly, Basic Principles and Guidelines on the Right to a Remedy and Reparation for Victims of Gross Violations of International

Human Rights Law and Serious Violations of International Humanitarian Law, G.A. Res. 60/147, U.N. Doc. A/RES/60/147 (Dec. 16, 2005). See ECF No. 19 at 8-10. Likewise, Hussell dedicates more than 50 pages of his response excerpting various international covenants outlawing torture and related principles of international law. Id. at 14–56.

The magistrate judge found that Hussell's allegations do not give rise to any plausible claim under the United Nations' "Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment" ("UNCAT"), the "International Covenant on Civil and Political Rights" ("ICCPR"), or any other international covenants cited by Hussell, including the "Inter-American Convention to Prevent and Punish Torture," the "American Convention on Human Rights," and the "Universal Declaration of Human Rights." See ECF No. 16 at 23-24. In his objections, Hussell argues that torture is "jus cogens," subject to universal jurisdiction, and that "all international treaties in which the United States enters become part of the 'supreme law of the land.'" ECF No. 19 (quoting U.S. Const. art. VI, cl. 2). Hussell does not explain further other than quoting verbatim excerpts from an Amnesty International publication titled, "Combating Torture and Other Ill-Treatment: A Manual for Action." Id. at 15 n.12, 15–56.

The magistrate judge properly found that the treaties and other international instruments relied upon by Hussell do not create private rights of action because they are not self-executing and have never been implemented by Congress. See Sosa v. Alvarez-Machain, 542 U.S. 692, 734-35 (2004) (noting that Universal Declaration of Human Rights and ICCPR are not privately enforceable in federal court because they were not self-executing); Renkel v. United States, 456 F.3d 640, 644 (6th Cir. 2006) (finding UNCAT does not provide private cause of action); Dutton v. Warden, FCI Estill, 37 F. App'x 51, 53 (4th Cir. 2002) (finding plaintiff's "claim fails because the ICCPR is not privately enforceable"). Plaintiff has not offered any support to show that the quoted provisions give rise to a cognizable claim under § 1983. Accordingly, the court denies Hussell's objections insofar as they relate to international covenants and instruments.

F. Judicial Immunity

Hussell argues that the court should not extend absolute judicial immunity to Judge Dyer, the Circuit Court Judge presiding over the abuse and neglect proceedings which resulted in the removal of A.H. from Hussell's custody. Hussell argues that Judge Dyer "violated her duty to prevent torture and to provide means of redress by failing to act on the Petitioners

Writ of Habeas Corpus and can be held responsible Ultra Vires." ECF No. 19 at 11.

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump v. Sparkman, 435 U.S. 349, 356 (1978). There are only two exceptions to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam).

The magistrate judge found that absolute judicial immunity applies inasmuch as Hussell's claims against Judge Dyer all "arise out of her conduct during the course of Hussell's court proceedings." See ECF No. 16 at 15. Hussell does not dispute this finding. Thus, insofar as Hussell raises objections regarding "ultra vires" action, these arguments lack merit.

G. Federal Constitutional Claims Against Trooper Boggs

Regarding the Fifth Amendment claim that his Miranda rights were violated by Trooper Boggs, Hussell argues that he

clearly invoked his right to remain silent, his right to an attorney, and his right against self-incrimination. ECF No. 19 at 12. However, whether Hussell invoked his Miranda rights was not at issue in the PF&R.

The magistrate judge applied Chavez v. Martinez, 538 U.S. 760 (2003) to find that "absent use at a criminal trial, a compelled custodial statement does not violate the Fifth Amendment's right against self-incrimination, and will not serve as a basis for liability under § 1983." ECF No. 16 at 22; Chavez, 538 U.S. at 766 (Thomas, J., plurality opinion) ("We fail to see how, based on the text of the Fifth Amendment, Martinez can allege a violation of this right, since Martinez was never prosecuted for a crime, let alone compelled to be a witness against himself in a criminal case."). The magistrate judge also relied on Fourth Circuit precedent that "the right against self-incrimination is a trial right aimed at protecting the accused from the indignity of being compelled to give testimony against himself." United States v. Sweets, 526 F.3d 122, 129 (4th Cir. 2007) (emphasis in original); see also Renda v. King, 347 F.3d 550, 552 (3d Cir. 2003) ("[A] plaintiff may not base a § 1983 claim on the mere fact that the police questioned her in custody without providing Miranda warnings

when there is no claim that the plaintiff's answers were used against her at trial.”).

Hussell does not allege that his statements were ever used against him in a criminal trial or any other criminal proceeding. The abuse and neglect proceeding at issue in this case is not a criminal proceeding. Moreover, Hussell does not even address this issue in his objections. Accordingly, the court finds that the PF&R properly concluded that Hussell’s claims that his rights under the Fifth Amendment and Miranda were violated must be dismissed.

Finally, Hussell maintains that he should be afforded the opportunity to further develop his Eighth Amendment claim. The magistrate judge concluded that Eighth Amendment protections only apply in the context of a sentenced prisoner, and therefore have no application here. In his objections, Hussell outlines the history and rationale underlying the Eighth Amendment and the protections against cruel and unusual punishment. Yet, Hussell does not offer any explanation for how the Eighth Amendment would apply outside the context of a sentenced prisoner nor does he address the PF&R’s conclusion on this issue. Therefore, this objection must be denied.

## III. Conclusion

The court, accordingly, ORDERS that:

1. Plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. The magistrate judge's PF&R entered February 14, 2020 be, and it hereby is, adopted and incorporated in full.

3. Hussell's Petition for a Writ of Habeas Corpus be, and it hereby is, dismissed under Rule 12(h)(3) of the Federal Rules of Civil Procedure, for lack of jurisdiction.

4. All claims against defendants (a) WVDHHR-CPS; (b) Butch and Betsy Hill; (c) the West Virginia Governor's Office and Governor Jim Justice in his official capacity; (d) the Jackson County Prosecutor's Office, Katie Franklin, Prosecutor, in her official capacity, and Jim Griesacker; (e) Judge Dyer, in her official capacity; (f) the West Virginia Attorney General's Office and Attorney General Patrick Morrisey in his official capacity; and (g) WVSP be, and they hereby are, dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

5. All claims against Trooper Boggs, except for Hussell's claims under the Fourth and Fourteenth Amendments, be, and they hereby are, dismissed.

6. This case be, and hereby is, again referred to United States Magistrate Judge Dwane L. Tinsley for additional proceedings.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: July 22, 2020

John T. Copenhaver, Jr.
Senior United States District Judge