IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOSEPH HUSSELL and A.H.,[1]

    Plaintiff,

v.                                                           Case No. 2:19-cv-00101

ROBERT BOGGS,[2]

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States Magistrate Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court is Defendant's Motion for Summary Judgment (ECF No. 27).

I.     RELEVANT PROCEDURAL HISTORY

**A.**     **Plaintiff's remaining claims for relief.**

The presiding District Judge previously dismissed all of Plaintiff's claims except for his Fourth and Fourteenth Amendment claims against Defendant Robert Boggs ("Boggs"). ECF No. 37). With respect to those claims, Plaintiff alleges that, during a search of his home on November 14, 2017, Boggs, a West Virginia State Trooper, stuck a gun in his mouth and threatened to "blow his brains out" or "waterboard" him if he did

---

[1] Joseph Hussell has also attempted to name his minor daughter as a plaintiff. Due to her minor status, the undersigned will refer to her by her initials, in accordance with Rule 5.2 of the Federal Rules of Civil Procedure.

[2] Because Robert Boggs is the sole remaining defendant herein, the Clerk is directed to modify the short style of the case on the docket sheet to "Hussell v. Boggs."

not confess to possession of child pornography. Plaintiff further alleges that, based upon these threats, Boggs coerced Plaintiff to confess to possession of child pornography, which led to the removal of his daughter from his custody and his subsequent relinquishment of his parental rights. Plaintiff further alleges that, on November 17, 2017, Boggs returned to his home and waterboarded him in his bathroom.

### B. Defendant's Requests for Admissions.

On March 10, 2020, Boggs filed an Answer to the Complaint (ECF No. 22) and a Certificate of Service for his First Set of Discovery Requests to Plaintiff (ECF No. 23). According to Boggs, the discovery requests included a set of requests for admissions. Plaintiff failed to respond to the discovery requests within 30 days, as required by the Federal Rules of Civil Procedure. Thus, Boggs asserts that the requests for admissions should be deemed admitted in accordance with Fed. R. Civ. P 36(a)(3). (ECF No. 28 at 2). Plaintiff, on the other hand, asserts that he did not receive the discovery requests at the time they were allegedly served and, thus, they should not be deemed admitted. (ECF No. 31, Attach. 1 at 3; ECF No. 32 at 8).

### C. Defendant's Motion for Summary Judgment.

On June 11, 2020, Boggs filed a motion for summary judgment (ECF No. 27), supported by various exhibits, including his own affidavit (*id.*, Ex. A) and that of another individual who was present during the search on November 14, 2017 (*id.*, Ex. B). The exhibits also include videos of Plaintiff's recorded interview on that date (*id.*, Exs. C and D) and documents from the application for the search warrant for Plaintiff's home (*id.*, Exs. E and F). Based upon this evidence, and Plaintiff's alleged admissions, Boggs contends that the following facts are undisputed:

2

On October 17, 2017, Boggs initiated an investigation of Plaintiff after obtaining internet protocol ("IP") addresses suspected of possessing and distributing digital pictures and videos of child pornography from the Internet Crimes Against Children ("ICAC") and Child Protective Services ("CPS") databases. Boggs identified a specific IP address (173.81.184.109) having approximately 357 suspected media files shared on the Gnutella and EDonkey networks, which are well-known sites used for sharing child pornography. The IP address was associated with downloads on numerous occasions between July 13, 2017 and October 17, 2017.

After serving an administrative subpoena on Suddenlink Communications, Boggs determined that the suspect IP address belonged to Plaintiff and it was confirmed that at least 29 file titles shared from Plaintiff's IP address were consistent with those in ICAC's child pornography containing graphic images of the exploitation and violent abuse of toddlers. Thus, Boggs applied for and was granted a search warrant for Plaintiff's home by Mason County Circuit Court Judge Lora Dyer.

On November 14, 2017, Boggs and ICAC employee Dale Mosley ("Mosley") stopped at the Mason County State Police Detachment before heading to Plaintiff's house to execute the search warrant. By happenstance, at that same time, Plaintiff was at the detachment to obtain a travel permit and saw the men enter the building. Video evidence demonstrates that Plaintiff quickly left the detachment. (ECF No. 27, Ex. C).

When Boggs and Mosley arrived at Plaintiff's house, they knocked on his front door, but Plaintiff failed to answer, so they went to another door. Plaintiff eventually opened the door. However, by that time, he had begun wiping his computer using a program called "Partition Magic" and had wiped approximately 50% of the files on his

computer before Boggs turned it off. Boggs then initiated a video-recorded interview of Plaintiff. (ECF No. 27, Ex. D).

Boggs advised Plaintiff that he was not under arrest and was not required to answer any questions. Nonetheless, he was provided Miranda warnings and he executed a waiver form. Plaintiff initially denied downloading child pornography and attempted to tell Boggs that an image had just popped up on his computer the previous night. Plaintiff said that he did not report that fact to the police because he feared being prosecuted. Although he first denied having much knowledge of computers, Plaintiff further stated that he intended to wipe the image from his system within a few days, when he was recovered from recent surgery. Given the amount of computer components and hard drives in his home, Boggs did not find Plaintiff's representations to be credible.

Boggs advised Plaintiff that he had records demonstrating Plaintiff's sharing of child pornography on numerous occasions over several months. Plaintiff suggested that other people who had access to his home, including his child's mother and his home care assistant, could have used the computer and downloaded those images.

About 30 minutes into the interview, Boggs stopped the video recording and allegedly advised Plaintiff that he did not believe his story and that the investigation and potential prosecution would go more smoothly if he would be truthful. This is the point where Plaintiff alleges that Boggs shoved a gun in his mouth and threatened to shoot him if he did not cooperate. Plaintiff further claims that, at some point, Boggs also threatened to "waterboard" him. Boggs and Mosley, however, deny that any such force was used or threatened. (ECF No. 27, Exs. A and B). Approximately 10 minutes later, Boggs resumed the recording and Plaintiff admitted to downloading child pornography

and stated he had been doing so since about age 13, after being sexually abused by his mother. On the video, Plaintiff denied sexually abusing his daughter, A.H. and apologized for previously lying to Boggs.

Boggs asserts that, as a result of Plaintiff's actions in wiping his hard drive, no child pornography was located on Plaintiff's computers and no criminal charges were pursued. (ECF No. 27, Ex. A). Boggs denies that he ever returned to Plaintiff's home after November 14, 2017 or ever used force against him. (*Id.*)

### D. Plaintiff's Response to the Motion for Summary Judgment.

On June 29, 2020, Plaintiff filed a response to Bogg's motion for summary judgment (ECF No. 32) asserting that summary judgment is premature because he has not had the opportunity to conduct discovery. However, he fails to identify the specific discovery he claims is necessary to defend against summary judgment. Plaintiff further claims that Boggs did not properly serve his discovery requests, including the requests for admissions upon which he seeks to rely. Thus, he contends that the requests for admissions should not be deemed admitted. Plaintiff further argues that, even on the existing record, there are genuine issues of material fact that preclude summary judgment for Boggs.[3]

### E. Defendant's Reply.

On July 16, 2020, Boggs filed a reply (ECF No. 36) disputing Plaintiff's assertions that he communicated with the court and defense counsel about his failure to receive Boggs' discovery requests. There is no evidence of record to support such

---

3  Plaintiff also makes arguments based on international treaties which the court has previously found to be inapplicable in this matter. Thus, the undersigned will disregard those arguments herein.

communications. Thus, Boggs again asserts that the admissions should be deemed admitted and reiterates his arguments that his conduct throughout his interactions with Plaintiff was lawful and reasonable.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material when it 'might affect the outcome of the suit under the governing law.'" *Strothers v. City of Laurel*, 895 F.3d 317, 326 (4th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A genuine dispute arises when 'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Thus, at the summary judgment phase, the pertinent inquiry is whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (alteration and internal quotation marks omitted).

"The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). The court view[s] the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." *Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 312 (4th Cir. 2013)). A court must not resolve disputed facts or weigh the evidence and may not make determinations of credibility. *Russell v. Microdyne Corp.*, 65 F.3d 1229, 1239 (4th Cir.

1995); *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986).

### III. ANALYSIS

### A. The requests for admissions should not be deemed admitted.

Within his motion for summary judgment, Boggs asserts that Plaintiff's failure to timely respond to his requests for admissions should result in the court deeming such admissions admitted. (ECF No. 28 at 2). Boggs' motion documents include an affidavit of Sandra S. Chapman, a legal administrative assistant at Steptoe & Johnson, PLLC, who states that, pursuant to her standard practice, Boggs' discovery requests to Plaintiff were placed in the same envelope as his Answer, which was mailed to Plaintiff on March 10, 2020. (ECF No. 36, Ex. H).

Although Plaintiff apparently acknowledged receipt of the Answer, he contends that he did not receive Boggs' discovery requests when they were initially served and further contends that he advised defense counsel of that fact in writing in April of 2020. (ECF No. 31, Attach. 1 at 3; ECF No. 32 at 8). Defense counsel denies receiving such communication and asserts that he was unaware of Plaintiff's contentions until June 15, 2020 (four days after the filing of the instant motion for summary judgment), when he communicated with Plaintiff by telephone. (ECF No. 36 at 2-3). At that time, counsel re-sent the discovery requests to Plaintiff. (*Id.* at 3). Nonetheless, there is no indication on the docket sheet that Plaintiff ever responded to the discovery requests, including the requests for admissions.

The undersigned proposes that the presiding District Judge **FIND** that, under the circumstances presented, Boggs' requests for admissions to Plaintiff should not be deemed admitted. Although Rule 36(a)(3) provides that a request for admission is

deemed admitted if not timely responded to, in *Christmas v. Nationwide Mut. Ins. Co.*, 30 F. Supp.3d 435, 446 (E.D.N.C. 2014), the court found that it "would only consider deeming [] requests for admission admitted if there was some record evidence of the parties' good faith attempts to resolve this issue during discovery and, failing that, a motion to compel responses. Waiting until the summary judgment briefing to argue that the [] requests should be deemed admitted is gamesmanship."

The evidence herein concerning the parties' attempts to resolve Plaintiff's failure to respond to the discovery before filing a summary judgment motion largely based on such failure, is unconvincing and sounds of gamesmanship. Thus, the undersigned believes that, particularly given Plaintiff's pro se status, the interests of justice favor a finding that the requests for admissions should not be deemed admitted. Thus, the undersigned will address the pending motion for summary judgment without consideration of such requests for admissions.

> **B. Boggs is entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claim concerning the reasonableness of the search of his home, but there are genuine issues of material fact concerning his excessive force claims.**

Boggs asserts that he is entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claims. The Fourth Amendment protects individuals from unreasonable searches and seizures. Boggs has construed Plaintiff's complaint to be challenging both the validity and reasonableness of the November 14, 2017 search itself, as well as Boggs' alleged use of excessive force against Plaintiff during the search and again three days later. The undersigned will first address the claim concerning the lawfulness of the search and then turn to the claims concerning the use of force.

A search is lawful where it is conducted pursuant to a valid warrant supported by probable cause that "contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Boggs notes that probable cause is "not a high bar" and, in order to obtain a warrant, law enforcement need not "rule out a suspect's innocent explanation for suspicious facts." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586, 588 (2018). (ECF No. 28 at 12). Moreover, when a neutral magistrate issues a search warrant, the warrant is deemed to be objectively reasonable and the officer seeking the warrant is believed to have acted in good faith and will generally be entitled to qualified immunity for execution thereof, unless the facts supporting the warrant are "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Messerschmidt v. Millender*, 565 U.S. 562 (2012); *United States v. Leon*, 468 U.S. 897, 923 (1984). (*Id.* at 13).

In the instant case, Boggs offered sufficient facts to demonstrate probable cause to support a reasonable belief that images of child pornography would be found on Plaintiff's computer equipment and that Plaintiff had been downloading such imagery for many months. Judge Lora Dyer found probable cause and issued the search warrant, which Boggs then executed at Plaintiff's home. Although, apparently, no such images were found on Plaintiff's computer drives, the execution of the search warrant at his house was objectively reasonable. Moreover, the undisputed facts demonstrate that Boggs acted in good faith in obtaining and executing the warrant and would be entitled to qualified immunity for any alleged errors surrounding the warrant and the search. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that there are no genuine issues of material fact concerning the validity and reasonableness of the search

warrant and execution thereof and that Boggs is entitled to judgment as a matter of law on Plaintiff's Fourth Amendment claim concerning the reasonableness of the search.

However, the facts surrounding whether Boggs excessively used force against Plaintiff, both on November 14, 2017 and November 17, 2017 remain in dispute. Allegations concerning the use of force in the course of an arrest or detention are also governed by the Fourth Amendment, as such may constitute an unreasonable search and seizure. *County of Los Angeles, Calif. v. Mendez*, 127 S. Ct. 1539, 1546 (2017) (citing *Graham v. Connor*, 471 U.S. 1, 8 (1985)) (Fourth Amendment objective reasonableness standard applies to uses of force during arrest, investigatory stop, or other "seizure."); *Saucier v. Katz*, 533 U.S. 194 (2001) ("Excessive force claims are evaluated for objective reasonableness based upon the information the officers had when conducted.").

While the uncontested video evidence reveals that no force was used against Plaintiff during the recorded segments of his interview on November 14, 2017, Plaintiff contends that Boggs shoved a gun down his throat and threatened to "blow his brains out" and/or "waterboard" him during an approximate 10-minute period that the video camera was turned off. Although Boggs' and Mosley's affidavits and Plaintiff's condition and mannerisms when the video recording resumed contradict Plaintiff's contentions, at this stage of the proceedings, the court may not weigh the credibility of such evidence. Likewise, there is a dispute of fact between Plaintiff's own affidavit and that of Boggs concerning Boggs' alleged waterboarding of Plaintiff on November 17, 2017, when no one else was allegedly present. Such allegations may ultimately prove to be incredible but, again, the court may not weigh credibility when considering disputed affidavits on summary judgment. Thus, the undersigned proposes that the presiding District Judge

**FIND** that there are genuine issues of material fact surrounding the Fourth Amendment excessive force claims that require denial of summary judgment on those claims.

### B. Defendant Boggs has not moved for summary judgment on Plaintiff's Fourteenth Amendment claim.

The court previously recognized that Plaintiff's complaint also alleges a Fourteenth Amendment due process claim arising out of the alleged extraction of a coerced statement from Plaintiff on November 14, 2017, and the subsequent use thereof in abuse and neglect proceedings that resulted in the relinquishment of Plaintiff's parental rights to A.H. Thus, this claim against Boggs remains pending and warrants further development.

### C. Plaintiff cannot bring claims on behalf of A.H.

Plaintiff's complaint purports to be brought on behalf of himself and A.H. However, Plaintiff, who is pro se, cannot represent the interests of another individual. *See Oxendine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (competence of a layman representing himself is too limited to permit him to represent others); *see also Carroll v. United States*, No. 5:14-cv-2167-JMC, 2015 WL 854927, at *9 (D.S.C. Feb. 27, 2015) (["P]ro se litigants, whether prisoners or non-prisoners, may not represent other pro se litigants in federal court).  Moreover, to the extent that he even has a legal interest to do so after relinquishing his parental rights, Plaintiff is prohibited from representing his minor daughter under West Virginia Code § 56-4-9 because he has a significant personal interest in the outcome of the litigation.  *See Jarvis v. Crozier*, 98 F. 373 (D. W. Va. 1899) (it is a well-settled principle that one who is personally interested in a suit cannot represent a minor as his or her next friend).  Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff cannot legally bring a claim on behalf of A.H.

11

## **RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant Boggs' Motion for Summary Judgment (ECF No. 27) with respect to Plaintiff's Fourth Amendment claim concerning the reasonableness of the search of his home, but **DENY** the same with respect to Plaintiff's Fourth Amendment excessive force claims and his Fourteenth Amendment due process claim against Boggs.

It is further respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** A.H. as a plaintiff herein and **DISMISS** all claims brought on her behalf. It is further respectfully **RECOMMENDED** that the presiding District Judge again refer this matter to the undersigned United States Magistrate Judge for additional proceedings concerning the remaining Fourth and Fourteenth Amendment claims against Boggs.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to the plaintiff, and transmit a copy to counsel of record.

January 22, 2021

Dwane L. Tinsley
United States Magistrate Judge