# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JOSEPH HUSSELL,

    Plaintiff,

v.                                  Case No. 2:19-cv-00101

ROBERT BOGGS,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

    This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States Magistrate Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are Defendant's Renewed Motion to Dismiss for Plaintiff's Second Failure to Appear at his Deposition or in the alternative to Compel Plaintiff's Deposition (ECF No. 57), Defendant's Amended Renewed Motion to Dismiss for Plaintiff's Second Failure to Appear at his Deposition or in the alternative to Compel Plaintiff's Deposition (ECF No. 58) (collectively "Defendant's motions to dismiss"),[1] and Defendant's Renewed Motion for Summary Judgement (ECF No. 59).

### I. RELEVANT PROCEDURAL HISTORY

    This matter has a lengthy procedural history that has been set forth in greater detail in the court's prior orders. As relevant here, and as reflected in the undersigned's

---

[1] It is unclear why Defendant filed an amended renewed motion, as no amendment therein is readily apparent.

April 22, 2021 Order and Notice and Defendant's instant motions, on February 19, 2020, Plaintiff provided a notice of change of address indicating that he had moved to Columbus, Ohio. On January 25, 2021, Defendant first noticed Plaintiff's deposition for February 10, 2021. The Notice of Deposition was mailed to the Columbus, Ohio address that Plaintiff had previously provided to the court. The accompanying letter advised Plaintiff to notify defense counsel if Plaintiff had a conflict with the February 10, 2021 deposition date. On February 10, 2021, Plaintiff failed to appear for his deposition and did not communicate in any way with defense counsel about rescheduling the deposition.

On February 10, 2021, defense counsel sent Plaintiff another letter attempting to communicate in good faith about his failure to appear and to reschedule the deposition. Plaintiff again failed to respond to counsel by the February 20, 2021 deadline contained in the letter. Thus, on March 10, 2021, Defendant filed his first motion to dismiss or to compel Plaintiff's deposition.

On March 15, 2021, and March 18, 2021, mail sent to Plaintiff at his Columbus address was returned to the Clerk's Office as undeliverable with no forwarding address. However, on March 19, 2021, Plaintiff provided another notice of change of address indicating that he had relocated to Healy, Alaska, and that significant delays in mailing and receipt of mail could occur, as he could only "make monthly trips to the Post Office due to remoteness."

Ultimately, the undersigned granted Defendant's first motion to compel Plaintiff's deposition, denied Defendant's first motion to dismiss, granted an extension of the discovery deadline to September 30, 2021, and ordered that Plaintiff submit to a deposition which was to be conducted remotely by the new discovery deadline. The

undersigned has repeatedly advised Plaintiff that it is his responsibility to prosecute his case and participate in the discovery process and that the failure to do so would result in the recommended dismissal of this civil action under Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. Additionally, Plaintiff was granted permission to participate in electronic filing and notification of docket activity in this matter; however, he apparently failed to register for CM/ECF access. Thus, filings have continued to be mailed to him at the Alaska address he provided.

As set forth in Defendant's current motions to dismiss, on September 8, 2021, Defendant's counsel contacted Plaintiff and scheduled a telephonic deposition on September 13, 2021, at 11:00 a.m. eastern standard time (which, according to Plaintiff, was the only date he was available prior to the discovery deadline). On September 9, 2021, defense counsel filed an amended notice of deposition and, at Plaintiff's request, ran a test of the Zoom teleconference link with Plaintiff's cell phone. Nonetheless, Plaintiff failed to appear for the telephonic deposition on September 13, 2021, even after defense counsel made several attempts to call Plaintiff's cell phone and ultimately left a voicemail message asking him to join the conference.

On September 13, 2021, defense counsel sent Plaintiff another letter attempting to confer in good faith to obtain Plaintiff's participation in a deposition and requesting a response by September 20, 2021. Defense counsel followed up with a text message to Plaintiff on September 14, 2021. According to Defendant's motions to dismiss, Plaintiff failed to respond in any way to counsel's communications. Thus, on September 23, 2021, defense counsel filed a third amended notice of deposition, scheduling Plaintiff's telephonic deposition on September 30, 2021, the last day for discovery. Defense

counsel also sent Plaintiff another good faith letter requesting that Plaintiff voluntarily appear for the deposition as scheduled or to contact him to schedule another date and time for the deposition. Defense counsel again followed up with a text message to Plaintiff including a copy of the third good faith letter.

Notwithstanding all of these attempts by defense counsel to communicate with Plaintiff to obtain his deposition, defense counsel represents that Plaintiff failed to appear for the September 30, 2021 deposition and has failed to communicate with defense counsel in any manner. Thus, Defendant seeks the dismissal of this civil action pursuant to Rules 37(d) and 41(b) of the Federal Rules of Civil Procedure. Defendant also seeks the awarding of the costs incurred in the repeated failed attempts to obtain Plaintiff's deposition, as set forth in his motions to dismiss and accompanying exhibits. In the alternative, Defendant requests that the court again compel Plaintiff's deposition. Plaintiff has not responded to Defendant's motions.

## II. APPLICABLE LEGAL AUTHORITY

Rule 37(d) of the Federal Rules of Civil Procedure provides as follows with respect to a party's failure to attend his own deposition:

(1) *In General.*

(A) *Motion; Grounds for Sanctions.* The court where the action is pending may, on motion, order sanctions if:

(i) a party . . . fails after being served with proper notice, to appear for that person's deposition . . . .

Fed. R. Civ. P. 37(d)(1)(A)(i). Furthermore, pursuant to Rule 37(b)(2)(B) of the Federal Rules of Civil Procedure, such sanctions may include dismissing the case in whole or in part. Fed. R. Civ. P. 37(b)(2)(B).

4

The Fourth Circuit has outlined the following factors to be considered prior to an involuntary dismissal for failure to comply with a discovery order: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *See Anderson v. Foundation for Advancement, Educ. & Employ't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998); *Mutual Fed. Sav. & Loan Assoc. v. Richards & Assoc.*, 872 F.2d 88, 92 (4th Cir. 1988).

Similarly, Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). In determining whether such a harsh sanction is appropriate, the court must balance the following factors: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished).

### III.   DISCUSSION

Despite the court's modification of the schedule in this matter and Defendant's numerous attempts to accommodate Plaintiff's circumstances, Plaintiff has repeatedly failed to appear for a remote deposition and has wholly failed to prosecute this matter since his relocation to Alaska. Plaintiff was repeatedly advised of his obligations to participate in discovery and to prosecute this matter to no avail. He was further repeatedly expressly advised that his failure to do so would result in the recommended dismissal of this matter, with prejudice, pursuant to Rules 37(d) and 41(b). Plaintiff's consistent failure to participate appears to be in bad faith or an indication that he has abandoned interest in pursuing this matter. Therefore, due to Plaintiff's repeated noncompliance, for which he is solely responsible, the involuntary dismissal of this matter, with prejudice, pursuant to Rules 37(d) and 41(b), appears to be the only appropriate action and the sanction of the payment by Plaintiff of the costs incurred by Defendant in attempting to schedule his deposition appears to be warranted. *See, e.g., Robinson v. Yellow Freight Sys.*, 132 F.R.D. 424 (W.D.N.C. 1990) (plaintiff's failure to appear at three scheduled depositions constituted bad faith warranting dismissal of matter under Rule 37); *Phipps v. Blakeney*, 8 F.3d 788 (11th Cir. 1993) (upholding trial court's dismissal of case under Rule 37 for plaintiff's failure to appear at three court-ordered depositions); *Nammack v. Hampstead Pre-Owned*, No. CV DKC 19-1798, 2021 WL 3288368, at *4 (D. Md. Aug. 2, 2021) (dismissing civil action under Rules 37 and 41, where a pattern of noncompliance, after explicit warnings of possible dismissal, demonstrated that a lesser sanction would be ineffective). Additionally, in light of the recommended dismissal of this matter under Rules 37(d) and 41(b), the undersigned

finds it unnecessary to address the merits of Defendant's renewed motion for summary judgment (ECF No. 59) concerning Plaintiff's Fourteenth Amendment claim.

## IV.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Renewed Motion to Dismiss for Plaintiff's Second Failure to Appear at his Deposition (ECF No. 57) and Defendant's Amended Renewed Motion to Dismiss for Plaintiff's Second Failure to Appear at his Deposition (ECF No. 58), but **DENY** Defendant's alternative motions to compel Plaintiff's deposition contained therein. It is further respectfully **RECOMMENDED** that the presiding District Judge award Defendant the costs associated with his failed attempts to obtain Plaintiff's deposition due to Plaintiff's noncompliance. Finally, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** Defendant's Renewed Motion for Summary Judgment (ECF No. 59).

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, mail a copy of the same to Plaintiff, and transmit a copy to counsel of record.

December 1, 2021

Dwane L. Tinsley
United States Magistrate Judge